UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>- against -<br><br>$57,300.00 IN FUNDS FORMERLY ON DEPOSIT AT COMMUNITY STATE BANK IN AVILLA, INDIANA, IN ACCOUNT NUMBER ▮6190, HELD IN THE NAME OF R.P. GLOBAL LTD., UP TO AND INCLUDING $57,300, AND ALL FUNDS TRACEABLE THERETO;<br><br>Defendants-in-rem. | Case No. 07 Civ. 9937 (VM)<br><br>**CLAIM OF OWNERSHIP AND CONTEST OF SEIZURE/FORFEITURE**<br><br>Seizure No. 3540070344 |

### CLAIM OF OWNERSHIP AND CONTEST OF SEIZURE/FORFEITURE BY R.P. GLOBAL LTD.

REUVEN PHILLIPS, hereby declares under penalty of perjury:

1. I am the president of R.P. Global Ltd. ("R.P. Global"), the true and rightful owner of the funds referred to in the above-captioned action.

2. R.P. Global hereby makes its claim pursuant to Rule G of the Supplemental Rules for Certain Admiralty and maritime Claims and Asset Forfeiture Action of the Federal Rules of Civil Procedure.

3. Upon information and belief, on or about November 9, 2007 Plaintiff United States of America, by its attorney, Michael J. Garcia, ("Mr. Garcia") United States Attorney for the Southern District of New York, filed its verified complaint (the "Complaint") in this action pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 984 alleging that the seized funds at issue were (a) property constituting and derived from proceeds of a scheme or artifice to defraud through the use of the mails, in

violation of 18 U.S.C. § 1341; (b) property constituting and derived from proceeds from a scheme or artifice to defraud through the use of interstate wire communications, in violation of 18 U.S.C. 1343, and property traceable to such property; and (c), property involved in actual or attempted money laundering transactions, or property traceable to such property in violation of 18 U.S.C. §§ 1956 and 1957. A copy of the Complaint is annexed hereto as Exhibit A.

4. On or about November 30, 2007, Mr. Garcia sent a letter to Baker & McKenzie LLP, attention Richard De Palma, attorneys for the R. P. Global, attaching the Complaint in this action and stating that R. P. Global had thirty five days from the date of that letter (i.e., November 30, 2007) to contest the forfeiture by filing a claim pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. A copy of the Letter, dated November 30, 2007 is annexed hereto as Exhibit B.

5. R.P. Global hereby makes its claim of ownership and contests the seizure/forfeiture of $57,300 (the "Funds") seized on or about May 11, 2007 from R.P. Global's account #8116190 at Community State Bank in Avilla, Indiana, pursuant to the Warrant of Seizure dated May 11, 2007 , a copy of which is annexed hereto as Exhibit C.

6. The Asset ID Number assigned to this matter is 07-FBI-003666 and the Seizure Number assigned is 3540070344.

7. The facts contained herein are made based upon my own personal knowledge, except for those stated as being made upon information and belief, and as to those facts, I believe them to be true.

8. R.P. Global is an Israeli currency exchange and check cashing company, referred to in Israel as a "Money Service Provider," that is registered in the State of Israel, Registration No. 51349629. A copy of R.P. Global's Registration Certificate is annexed hereto as Exhibit D.

9. As a registered Money Service Provider, R.P. Global is regulated by and has reporting requirements to the Israeli Money Laundering Authority, a branch of the Justice Ministry of Israel, which oversees and regulates the financial services industry in Israel. In addition, R.P. Global has reporting obligations to the Israeli Tax Authority and the Bank of Israel.

10. R.P. Global's principal place of business is in Ramat Beit Shemesh, Israel.

11. As a registered Israeli Money Service Provider, R.P. Global's business includes buying financial instruments on the wholesale market drawn against accounts located in foreign countries, including the United States, and processing them electronically for payment.

12. Generally, R.P. Global purchases bundles of checks on the wholesale market from retail check cashing companies.

13. Since historically the Company handled a large volume of American checks on a daily basis as a part of its wholesale operation (sometimes as much as $1 million), at the time of the transactions at issue it had an arrangement with an American bank, Community State Bank in Avilla, Indiana, to electronically deposit those checks for the purpose of clearing the checks in the United States.

14. Specifically as to the Funds at issue herein, on February 2, 2007, R.P. Global's client, K.R. Money Changing Services ("KR"), a registered retail check cashing and

currency exchange establishment in Jerusalem, Israel (Israeli Company # 513521914), sold to R.P. Global a bundle of 320 checks with a combined value of $686,459.11 in early February 2007 in the ordinary course of business.

15. Within the bundle were two checks, specifically Fidelity Bank Check No. 41088 ($26,100) and Bank of America Check No. 2549400 ($31,200) (collectively, the "Checks"). Copies of the Checks are annexed hereto as Exhibit E.

16. That same day, on February 2, 2007, R.P. Global deposited the bundle of 320 checks with Community State Bank with the total value of $686,459.11. The Checks, totaling $57,300, were part of the bundle so deposited.

17. The deposit system between R.P. Global and Community State Bank was an electronic check deposit system which allows for same day deposit of checks. The "float" is essentially dead.

18. Accordingly, on or about February 3, 2007, R.P. Global received from Community State Bank approximately 80% of the face value of the bundle of checks (which included the Checks), and such amount was immediately paid over to KR. Within a week of that date, the remaining 20% of the face value of the bundle (which, again, included 20% of the face value of the Checks) was received by R.P. Global. At that point, R.P. Global paid to KR the remaining 20% face value of the Checks, minus its usual fee of .0017% (seventeen percent of one percent). As a result, by the first week of February, 2007, the $57,300 at issue here (minus R.P. Global's fee of .0017%) was paid over by R.P. Global to KR (the seizure was in May).

19. At the time R.P. Global accepted, deposited and paid for the Checks at issue, it knew nothing of the U.S. Government's apparent investigation or that of the Grand Jury,

it had not received any notice of any kind of either investigation, and had not received any subpoena or Order of Seizure.

20. Thereafter, in April 2007, R.P. Global received a Grand Jury subpoena served by the Federal Bureau of Investigation (Elizabeth Nygaard, Special Agent) seeking documents and information. R.P. Global cooperated with the FBI's investigation to the best of its ability and in every way asked by Special Agent Nygaard. Attached as Exhibit F is correspondence between R.P. Global and the FBI.

21. As part of the FBI's request, R.P. Global obtained (and provided to the FBI) certain information from KR regarding the transaction by which it came into possession of the Checks. A copy of such information is annexed hereto as Exhibit G, including the documentation of legal transactions required by Israeli law.

22. As can be seen from Exhibit E, a person by the name Andreas Winsnes presented the Checks (as well as an additional one for $4,150) to KR, which in turn paid Winsnes cash for the checks. As identification, Mr. Winsnes presented his passport. He subsequently signed an "Official Statement" with respect to such transaction. See Exhibit F.

23. Upon information and belief, KR followed all appropriate procedures in cashing the two Checks.

24. R.P. Global followed all appropriate and necessary procedures in buying the two Checks from KR.

25. Notwithstanding R.P. Global's innocence and its cooperation with the FBI, on or about May 11, 2007, and without advance warning, $57,300 was seized from R.P. Global's account at Community State Bank. While that amount may be the mathematical

sum of the two Checks, the funds seized are not the Funds from the Checks. The Funds, minus a small fee, were paid over to KR after Community State Bank paid the Funds into R.P. Global's account and well in advance of the seizure.

26. R.P. Global is a bona fide purchaser for value of the Checks and has no involvement whatsoever in whatever the subject matter of the U.S. Government's investigation is (other than being the innocent purchaser of the Checks).

27. It would be inequitable and legally wrong to require R.P. Global to "pay" funds over to the U.S. Government by way of this seizure, because the $57,300 was not kept in R.P. Global's account but was instead paid over to KR (less a fee). Thus, the Funds seized are not the funds received for the Checks, and are not funds traceable thereto.

28. R.P. Global is willing to cooperate with the U.S. and Israeli governments in connection with this matter. Upon information and belief, KR and Mr. Winsnes are likewise willing to cooperate with the investigation.

29. Under the circumstances, the seized Funds should be returned to R.P. Global.


[remainder of page intentionally left blank]

WHEREFORE, R.P. Global Ltd. respectfully requests that the Funds in the amount of $57,300 plus interest be returned forthwith to R.P. Global Ltd., and for such other and further relief as is equitable, legal, just and proper.

I HEREBY DECLARE PURSUANT TO 28 U.S.C. § 1746, UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated:       December 31, 2007
             New York, New York

Reuven Phillips
R.P. Global Ltd.

# EXHIBIT A

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SHARON E. FRASE (SF-4906)
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2329

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                    :

                -v.-                        :       07 Civ.

$57,300.00 IN FUNDS FORMERLY ON             :       VERIFIED COMPLAINT
DEPOSIT AT COMMUNITY STATE BANK,
IN AVILLA, INDIANA, IN ACCOUNT NO. :
■■6190, HELD IN THE NAME OF R.P.
GLOBAL, LTD., AND ALL FUNDS                 :
TRACEABLE THERETO,
                                            :
                Defendant in rem.
                                            :
- - - - - - - - - - - - - - - - - -x

            Plaintiff United States of America, by its attorney,

MICHAEL J. GARCIA, United States Attorney for the Southern

District of New York, for its verified complaint alleges, upon

information and belief, as follows:

                I. NATURE OF THE ACTION

            1.  This an action by the United States of America

seeking forfeiture of $57,300.00 in funds formerly on deposit at

Community State Bank, in Avilla, Indiana, in Account No. ■■6190,

held in the name of R.P. Global, Ltd. (the "Defendant Funds").

The Defendant Funds are subject to forfeiture pursuant to 18

U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 984, as (a) property

constituting and derived from proceeds of a scheme or artifice to

defraud through the use of the mails, in violation of 18 U.S.C. §
1341; (b) property constituting and derived from proceeds from a
scheme or artifice to defraud through the use of interstate wire
communications, in violation of 18 U.S.C. § 1343, and property
traceable to such property; and (c), property involved in actual
or attempted money laundering transactions, or property traceable
to such property, in violation of 18 U.S.C. §§ 1956 and 1957.

## II. JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C.
§§ 1345 and 1355.

3.    Venue is proper pursuant to 28 U.S.C.
§ 1355(b)(1)(A) because acts and omissions giving rise to the
forfeiture took place in the Southern District of New York.

## III. PROBABLE CAUSE FOR FORFEITURE

4.    An investigation of a scheme to defraud elderly
victims across the United States, conducted by agents of the
United States Federal Bureau of Investigation (the "FBI") and
other law enforcement agencies has revealed the following:

### The Scheme to Defraud

5.    From in or about 2005 up to and including in or
about May 2007, various individuals, including "Steven Gold,"
"Frank Ward," "Paul Curtis" and "Mark Henderson" have engaged in
a scheme to defraud in which they telephone elderly victims,
inform them that they have won money in a lottery, and ask them
to send money in advance of receiving their "winnings," for the

-2-

payment of taxes, "court costs," and other expenses allegedly associated with winning the prize money. After telephone conversations with and at the direction of "Steven Gold," "Frank Ward," "Paul Curtis," "Mark Henderson," and others, the elderly victims sent payments in the form of cash or checks to individuals in Brooklyn, New York. After the elderly victims sent payments, no lottery winnings were paid to the victims.

6.    As part of this fraud scheme, "Steven Gold," "Frank Ward," "Paul Curtis," and other individuals caused thousands of dollars to be transferred to and from various bank accounts via interstate wires and the mail. As alleged further below, some of the cash and checks were deposited into Account No. ■6190, held in the name of R.P. Global, Ltd., at Community State Bank in Avilla, Indiana (the "R.P. Global Account").

7.    The following are some examples of the manner in which "Steven Gold," "Frank Ward," "Paul Curtis," "Mark Henderson," and others executed the fraudulent scheme:

a.    In or about January 2007, Norma Gottemoller, then a 75-year-old a resident of Lutherville, Maryland, received a telephone call from "Steven Gold" from "Consumers Clearinghouse" who told her that she had won the lottery and that there were certain costs associated with her lottery winnings. Over the next several weeks, Gottemoller received several telephone calls from "Steven Gold" and "Frank Ward" who told her that they were going to court to have the taxes reduced on her

-3-

lottery winnings and directed her to send money to various
individuals Brooklyn, New York, for fees.  In or about the end of
January 2007, at the direction of "Steven Gold" or "Frank Ward,"
Gottemoller sent a Bank of America cashier's check number 2549400
in the amount of $31,200 made payable to "A.D.A.R.," to Shimon
Deutsche in Brooklyn, New York.  In addition to the above-
described funds, Gottemoller sent other checks as well as cash to
individuals in Brooklyn, New York, at the direction of "Steven
Gold" or "Frank Ward." Gottemoller never received the lottery
winnings and her subsequent telephone calls to "Steven Gold" and
"Frank Ward" have gone unanswered.

       b.  In or about January 2007, Lillian Kent, then
an 89 year-old resident of Leominster, Massachusetts, received a
telephone call from "Paul Curtis" who told her that she had won
the lottery and that an attorney named "Steven Gold," would call
Kent.  Kent later had a telephone conversation with "Steven Gold"
and/or Paul Curtis  who directed Kent to send money for the
payment of taxes and court costs associated with the lottery
winnings.  In or about the end of January 2007, at the direction
of "Steven Gold," Kent sent a Fidelity Bank treasurer's check
number 41088 in the amount of $26,100 made payable to "C.L.K." to
Simon Deutsch in Brooklyn, New York, via FedEx.  Kent never
received the lottery winnings.  In addition to the Fidelity Bank
treasurer's check, Kent sent an additional check as well as cash

to individuals in Brooklyn, New York, at the direction of "Steven Gold."

The Defendant Funds

8.    Records from Community State Bank located in Avilla, Indiana, show the following:

a. On or about February 2, 2007, the Bank of America cashier's check number 2549400 made payable to "A.D.A.R.," in the amount of $31,200 was deposited into the R.P. Global Account.

b. On or about February 2, 2007, the Fidelity Bank treasurer's check number 41088 in the amount of $26,100 made payable to "C.L.K." was deposited into the R.P. Global Account.

9.    On or about May 11, 2007, the Government sought and obtained a seizure warrant, authorized by the Honorable Michael H. Dolinger, United States Magistrate Judge in this District, for the seizure of all funds on deposit in the R.P. Global Account.  Thereafter, the Government obtained custody of $57,300.00 in such funds as authorized by the warrant.

IV. CLAIM FOR FORFEITURE

10.    The Defendant Funds are subject to forfeiture pursuant to the following statutory provisions:

11.    Title 18, United States Code, § 981(a)(1)(A) subjects to forfeiture "[a]ny property real or personal involved in a transaction or attempted transaction in violation of . . .

-5-

section 1956, 1957 . . . of this title, or any property traceable

to such property."

     12.  Title 18, United States Code, Section 1956

provides, in pertinent part, that

> (a)(1)  Whoever, knowing that the property
> involved in a financial transaction
> represents the proceeds of some form of
> unlawful activity, conducts or attempts to
> conduct such a financial transaction which in
> fact involves the proceeds of specified
> unlawful activity --
>
>     (A) with the intent to promote the
> carrying on of specified unlawful activity;
> or
>
>     (B) knowing that the transaction is designed
> in whole or in part -- (I) to conceal or disguise
> the nature, the location, the source, the
> ownership or the control of the proceeds of
> specified unlawful activity

shall be guilty of a crime.

     13.  Title 18, United States Code, Section

1956(c)(7)(A) provides that the term "specified unlawful

activity" includes "any act or activity constituting an offense

listed in section 1961(1) of this title".  Included among the

enumerated offenses in 18 U.S.C. § 1961(1) is 18 U.S.C. § 1343,

the wire fraud statute, and 18 U.S.C. § 1344, the bank fraud

statute.

     14.  18 U.S.C. § 1957 provides in relevant part that:

> Whoever . . . knowingly engages or attempts
> to engage in a monetary transaction in
> criminally derived property of a value
> greater than $10,000 and is derived from
> specified unlawful activity, shall be
> punished as provided in subsection (b).

15.  "Monetary transactions" is defined in 18 U.S.C. §
1957(f)(1) as the "deposit, withdrawal, transfer, or exchange, in
or affecting interstate or foreign commerce of funds . . . by,
through, or to a financial institution . . . including any
transaction that would be a financial transaction under section
1956(c)(4)(B) of this title . . . ."

16.  "Criminally derived property" is defined in 18
U.S.C. § 1957(f)(2) as "any property constituting, or derived
from, proceeds obtained from a criminal offense."

17.  "Specified unlawful activity" is defined in 18
U.S.C. § 1957(f)(3) as having the same meaning as that term has
in 18 U.S.C. § 1956.  As noted in paragraph 17, _supra_, "specified
unlawful activity" includes violations of 18 U.S.C. §§ 1343 (wire
fraud) and 1344 (mail fraud).

18.  Furthermore, 18 U.S.C. § 981(a)(1)(C)
subjects to forfeiture:

> Any property, real or personal, which
> constitutes or is derived from proceeds
> traceable to . . . any offense constituting
> 'specific unlawful activity' (as defined in
> section 1956(c)(7) of this title), or a
> conspiracy to commit such offense.

19.  Again, as noted in paragraph 17, _supra_, 18 U.S.C.
§ 1956(c)(7)(A) provides that the term "specified unlawful
activity" includes "any act or activity constituting an offense
listed in section 1961(1) of this title," and § 1961(1) includes
wire fraud and bank fraud among the enumerated offenses.

-7-

20.  Title 18, United States Code, Section 984 provides in relevant part that:

(a)(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title), or precious metals –

(A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and

(B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

(2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

(b) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Funds and that all persons having an interest in the Defendant Funds be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Funds to the United States of America for disposition according to law and that this Court grant plaintiff such further relief as

this Court may deem just and proper together with the costs and

disbursements in this action.

Dated:    New York, New York
          November 9, 2007

                              MICHAEL J. GARCIA
                              United States Attorney for
                              Plaintiff United States of America

          By: _____
                              SHARON E. FRASE (SF-4906)
                              Assistant United States Attorney
                              One St. Andrew's Plaza
                              New York, New York 10007
                              (212) 637-2329

VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

ELIZABETH NYGAARD, being duly sworn, deposes and says

that she is a Special Agent with the Federal Bureau of

Investigation ("FBI") and as such has responsibility for the

within action; that she has read the foregoing complaint and

knows the contents thereof; and that the same is true to the best

of her knowledge, information and belief.

The sources of deponent's information and the ground of

her belief are official records and files of Community State

Bank, the FBI, and other law enforcement agencies and information

obtained directly by deponent and other case agents during an

investigation of alleged violations of Title 18, United States

Code.

ELIZABETH NYGAARD
Special Agent
Federal Bureau of Investigation

Sworn to before me this
9th day of November, 2007

Notary PUBLIC MAIMIN
Notary Public, State of New York
No. 02MA608508
Qualified in New York County
Commission Expires March 5, 2001
May 10, 2011

-10-

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 30, 2007

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED

Richard De Palma
Baker & McKenzie LLP
1114 Avenue of the Americas
New York, NY 10036

Re:    U.S. v. $57,300.00 in funds formerly on deposit at Community State
       Bank, in Avilla, Indiana, in Account No. ████6190, held in the name
       of R.P. Global, Ltd.
       07 Civ. 9937 (VM)

Dear Mr. De Palma:

        This letter is to advise you that on November 9, 2007, the United
States commenced a civil action in the United States District Court for the
Southern District of New York seeking the forfeiture of the above-referenced
property pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C) and 984.  A copy
of the complaint in this action is enclosed.

        Should you or your client wish to contest the forfeiture, you must
do so by filing a claim pursuant to Rule G of the Supplemental Rules for
Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the
Federal Rules of Civil Procedure with the Clerk of the Court no later than
thirty five (35) days of the date of this letter.  Thereafter, within twenty
(20) days after filing a claim, you must file your answer to the complaint.
This procedure must be followed regardless of any petition for the remission
or mitigation of forfeiture which you may have pending, and failure to do so
could result in the entry of a default judgment against the property.

                              Very truly yours,

                              MICHAEL J. GARCIA
                              United States Attorney

                         By: _____
                              Sharon E. Frase
                              Assistant United States Attorney
                              Tel. No.: (212) 637-2329
                              Fax No:   (212) 637-0421

Enclosure

# EXHIBIT C

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LISA A. BARONI
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2405

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,               :

                    Plaintiff,          :

            - v -                       :

FUNDS ON DEPOSIT AT COMMUNITY STATE     :          07 Mag.
BANK IN AVILLA, INDIANA, IN ACCOUNT
NUMBER 8116190, HELD IN THE NAME OF     :
R.P. GLOBAL LTD., UP TO AND INCLUDING
$57,300.00, AND ALL FUNDS TRACEABLE     :
THERETO;
                                        :

                    Defendant-in-rem.   :
------------------------------------X

**07 MAG      762**

                    WARRANT OF SEIZURE

    PURSUANT TO 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984

        TO:  ANY DESIGNATED SPECIAL AGENT OF THE FEDERAL BUREAU
             OF INVESTIGATION AND/OR ANY LAW ENFORCEMENT
             OFFICER AUTHORIZED BY LAW

        An Affidavit having been made before me by Special Agent

ELIZABETH NYGAARD, Federal Bureau of Investigation, that she has

reason to believe that the above-captioned account is subject to

seizure and civil forfeiture pursuant to 18 U.S.C. §§

981(a)(1)(A) and (C) and 984, and as I am satisfied that there is

probable cause to believe that the property so described is

subject to seizure and civil forfeiture pursuant to 18 U.S.C. §§

981(a)(1)(A) and (C) and 984;

YOU ARE HEREBY COMMANDED AND AUTHORIZED to seize, within ninety (90) days, by personally serving a copy of this warrant of seizure upon any person presently in possession of such property, the property described as follows:

FUNDS ON DEPOSIT AT COMMUNITY STATE BANK IN AVILLA, INDIANA, IN ACCOUNT NUMBER 8116190, HELD IN THE NAME OF R.P. GLOBAL LTD., UP TO AND INCLUDING $57,300.00, AND ALL FUNDS TRACEABLE THERETO;

YOU ARE FURTHER COMMANDED AND AUTHORIZED to prepare a written inventory of the property seized and return this warrant and inventory before this Court promptly after seizure is effected as required by law.

Dated:    New York, New York
          May 11, 2007


_____
UNITED STATES MAGISTRATE JUDGE

HON. MICHAEL H. DOLINGER
United States Magistrate Judge
Southern District of New York

# EXHIBIT D

# מדינת ישראל



משרד האוצר

אגף שוק ההון ביטוח וחסכון
רשם נותני שירותי מטבע

## תעודת רישום לנותני שירות מטבע

### על פי חוק איסור הלבנת הון, התש"ס – 2000

| | | | |
|---|---|---|---|
| שם | אר.פי.גלובל בע"מ | מס' התעודה | 17634 |
| סניף | רמת בית שמש | מס' רישום | 513492629 |
| מען | נחל ניצנים 12/3 , בית שמש 99000 | | |

*ותעודה זו תקינה בתוקף עד לתאריך*    31/12/2007

מורשה להעניק השירותים הבאים עפ"י סעיף 11 ג (א) לחוק איסור הלבנת הון, תש"ס – 2000:

1. המרת מטבע של מדינה אחת במטבע של מדינה אחרת;
2. מכירה או פדיון של המחאות נוסעים בכל סוג של מטבע;
3. קבלת נכסים פיננסיים במדינה אחת כנגד העמדת נכסים פיננסיים במדינה אחרת,
   לעניין זה, "נכסים פיננסיים" - מזומנים, המחאות נוסעים, שקים, שטרי חליפין,
   שטרי חוב, ניירות ערך סחירים, אשראי או פקדונות כספיים;
4. החלפת שטרות כסף;
5. ניכיון שיקים, שטרי חליפין ושטרי חוב;

**הגבלות: שירותי מטבע ינתנו במען שצויין ע"ג תעודה זו בלבד.**

ידין גנתבי
רשם נותני שירותי מטבע

לא לתשלום

# EXHIBIT E



Fidelity Bank

41088

HELPING YOU GET WHERE YOU WANT TO BE

January 20, 2005

Pay to the order of ***C.L.R.*** $ ****26,100.00

Twenty-six Thousand One Hundred Dollars and No Cents****

TREASURER'S CHECK
FIDELITY CO-OPERATIVE BANK
FITCHBURG, MASSACHUSETTS

AUTHORIZED SIGNATURE

"041088" 211370707 02 3475501"

Acct. #8116130
R.P. Global Ind.

CLK

*check for 31,200.00 in the deposit of 686,459.11 on 2/2/07*

*Cash Letter total 3,281,205.89*          *seg 316*

*Bundle total: 686,459.11*          *Between 30,000.00 + 55,000.00*

---

# Deposit Acct 8116190

320 cheks

$686459.11

ABA:074906800
Account:8116190
TranCode:151
Amount:686459.11

---

Deposit Acct 8116190

IID: 20070201010400001

---

*5 Pages*



Bank of America — **Cashier's Check**    No. 2549400

JANUARY 25, 2007

Banking Center    PARONIA

5018097 .00005    002549400    NORMA GOTTXROLLER

Remiter (Purchased By)

**THIRTY ONE THOUSAND TWO HUNDRED DOLLARS AND 00 CENTS**    $    **31,200.00**

Pay To The Order Of    **A D A R ORG.**

Authorized Signature

Bank of America, N.A.
San Antonio, Texas    VOID AFTER 90 DAYS

⑈2549400⑈ ⑆114000019⑆ 0016410010 15⑈

THE ORIGINAL DOCUMENT HAS REFLECTIVE WATERMARK ON THE BACK    THE ORIGINAL DOCUMENT HAS REFLECTIVE WATERMARK ON THE BACK



Acct. #8116190
R.P. Global ltd

check for 26,100.00 in the deposit of 686,459.11 on

2/2/07

Cash Letter total: 3,281,205.89          seq 314

Bundle total: 686,459.11          Between 20,500.00 - 30,000.00

---

# Deposit Acct 8116190

320 cheks

## $686459.11

ABA:074906800
Account:8116190
TranCode:151
Amount:686459.11

---

Deposit Acct 8116190

IID: 20070201010400001

# EXHIBIT F

# FAX TRANSMISSION

## LAW OFFICES OF ILBERT A. PHILLIPS
## 12424 WILSHIRE BOULEVARD, SUITE 1120
## LOS ANGELES, CA 90025
## 310-825-8630
## Fax: 310-442-0660

| | | | |
|---|---|---|---|
| **To:** | Elizabeth Nygaard<br>FBI | **Date:** | April 13, 2007 |
| **Fax #:** | 718-286-7361 | **Pages:** | Two,  including this cover sheet. |
| **From:** | ILBERT A. PHILLIPS | | |
| **Subject:** | Subpoena of Records of RB Global | | |

Dear Ms. Nygaard:

I received your subpoena and I have forwarded it by e-mail to RP Global in Ramat Beit Shemesh, Israel. This is a town approximately 45 minutes south west of Jerusalem in Israel proper. Your request now makes sense.

RP GLOBAL makes every effort to cooperate with the American authorities. It usually goes through the Israeli police when a crime has been reported involving the cashing of checks. The crime usually involves forged checks. This is the first American subpoena it has received and the first American Grand Jury investigation it has been requested to participate in of which I am aware. In the past, it has received requests from the bank that has the ultimate responsibility to cash a check or a local American police department involving forged checks.

RP GLOBAL is a registered money service provider by and in the State of Israel and all checks that it cashes are cashed in the State of Israel, as is the case with the checks you have identified in your subpoena. RP GLOBAL is owned by Rabbi Reuven Phillips. I am the American Attorney and Rabbi Phillips is my son. A large portion of the checks cashed by the company are American checks,  though RP GLOBAL processes checks from all over the world. It handles thousands of checks weekly which translates into millions of dollars. It is not easy to identify and recreate transactions quickly.

RP GLOBAL does not have a staff dedicated to identifying or retrieving checks since it does not get that many requests, which is surprising given its volume of business. The Custodian of Records would be Rabbi Reuven Phillips, who resides in the State of Israel. All evidence you are seeking in this matter is in the State of Israel.

My client will do everything in its power to provide you with the information you have requested as along as that request is legal under Israeli law. I have asked RP Global to check

Elizabeth Nygaard
Re: RP Global
April 13, 2007
Page 2

with its Israeli attorney or with the local police. RP Global usually works through the Israeli police in these matters and that may the case here. Since there is an alleged crime in this matter, part of that crime was committed in the State of Israel and I am sure that the Israeli police will want a report on this matter and may want to participate in apprehending these criminals.

Your deadline of providing the information in New York by April 16, 2007 is not realistic:

(1)     Israel is 10 hours ahead of California. As I write this letter it is are already the Sabbath. Since Reuven Phillips is Orthodox, he and his company is shut down through Monday. While I will send this letter to him, he will not read it until Sunday or Monday.

(2)     The information you are seeking is embedded in thousands of check transactions. It will take some time to do the investigation and retrieve the information. You will notice that Rabbi Phillips wanted more information on why you wanted the information in the first instance. I am sure he is asking to satisfy any Israeli regulations on why he is releasing this information.

(3)     We have to make sure that we use the proper protocol in providing this information to you. I am sure that you do not want these crooks to escape through some weird legal technicality.

Very truly yours,

Ilbert A. Phillips

The information contained in this facsimile message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. If you are not designated the addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. **IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE THE SENDER NAMED ABOVE AT (310) 479-0098 AND RETURN THE ORIGINAL OF THIS COMMUNICATION TO US BY MAIL AT THE ABOVE ADDRESS. THANK YOU**

**Ilbert Phillips**

| | |
|---|---|
| **From:** | "Nygaard, Elizabeth" <Elizabeth.Nygaard@ic.fbi.gov> |
| **To:** | "Ilbert Phillips" <ilbert.phillips@worldnet.att.net> |
| **Sent:** | Friday, April 13, 2007 5:33 PM |
| **Subject:** | RE: Scan |

Mr. Phillips,

Thank you for responding so quickly.   I appreciate RP Global's efforts in assisting in our investigation.

 An extension of time to respond to the subpoena will not be a problem.  I realize that obtaining the records may be time consuming.   Do you think Rabbi Phillips would be able to obtain the records by April 20,  or will more time be needed?  I am sure we can work out a date.

I will call you on Monday to further discuss this matter.

Again, thank you very much for your help.

Elizabeth

From: Ilbert Phillips [mailto:ilbert.phillips@worldnet.att.net]
Sent: Fri 4/13/2007 3:46 PM
To: Nygaard, Elizabeth; Elizabeth Plott Tyler
Cc: Reuven Phillips
Subject: Fw: Scan

Dear Elizabeth:

 I am sending the attachment by e-mail (as opposed to fax) so that I can send it to Israel at the same time. I am sure that Rabbi Phillips will get back to me, or you, as soon as possible after the Sabbath.

 Please note in my letter that we more than likely will not be able to comply with the April 16, 2007 deadline for production, since the relevant records (if they exist) and the Custodian of Records is in Israel. Usually when we attempt to find out who cashed the check, it takes time because the checks are also cashed at multiple (or satellite) locations and then we check our records to confirm the location of person who cashed the check or who recommended that RP Global accept the check.

 What makes this case interesting is that the checks are not forged. There is no way for an institution to be on the lookout for legitimate bank checks.

Very truly yours,

Ilbert Phillips

7/16/2007



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 12, 2007

Omni American Bank
Attention: Legal Department

      **Re:**  <u>**Grand Jury Subpoena**</u>

To Whom It May Concern:

      Please be advised that the accompanying grand jury subpoena has been issued in connection with an official criminal investigation of a suspected felony being conducted by a federal grand jury. The Government hereby requests that you voluntarily refrain from disclosing the existence of the subpoena to any third party. While you are under no obligation to comply with our request, we are requesting you not to make any disclosure in order to preserve the confidentiality of the investigation and because disclosure of the existence of this investigation might interfere with and impede the investigation.

      Moreover, if you intend to disclose the existence of this subpoena to a third party, please let me know before making any such disclosure.

      Thank you for your cooperation in this matter.

                    Very truly yours,

                    MICHAEL J. GARCIA
                    United States Attorney

      By:

                    Lisa A. Baroni
                    Assistant U.S. Attorney
                    (212) 637-2405

Enclosure

Received:  4/12/07 13:05;                    -> WEINTRAUB SELTH;  Page 2
APR-12-2007  04:45                                                      P.02/04

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:

    RP Global
    Attention: Custodian of Records

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:   April 16, 2007      Appearance Time:   10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

    18 U.S.C. §§ 1343, 1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

                See Attached Rider.

NB:  Personal appearance is not required if the requested items are delivered or made available on or before the return date to Special Agent Elizabeth Nygaard, Federal Bureau of Investigation, 80-02 Kew Gardens Road, Kew Gardens, New York, 11415, telephone number (718) 286-7472, fax number (718) 286-7361, for production to the grand jury.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:

      April 12, 2007

MICHAEL J. GARCIA
*United States Attorney for the*
*Southern District of New York*

                                J. Michael McMahon
                                     CLERK

Lisa A. Baroni

Assistant United States Attorney            Telephone:   (212) 637-2405
One St. Andrew's Plaza
New York, New York 10007

Received: 4/12/07 13:05;          -> WEINTRAUB SELTH;   Page 3
     APR-12-2007  04:46                                        P.03/04

## RIDER

A.    Any and all documents relating the following checks, including but not limited to documents that reflect the identity of the person who presented each check for payment, and documents that reflect the identity of the person or entity who was paid on each check, from November 1, 2006 to the present date:

    1.    Fidelity Bank Treasurer's check # 41088 in the amount of $26,100;
    2.    Bank of American Cashier's check # 2549400 in the amount of $31,200;
    3.    Norstates Bank Official check # 551688023 in the amount of $4,150.

B.    Any and all surveillance videos taken on the dates on which the above-listed checks were negotiated.

# EXHIBIT G

בס"ד

**D. Shechter** advocate
28 Eli Ha'cohen st. Jerusalem
Tel: 02-5373990 Fax: 02-5374462

ד. שכטר עורך דין
רחוב עלי הכהן 28 ירושלים 95311
טל: 02-5373990 פקס: 02-5374462

<u>תצהיר – Official statement</u>

אני הח"מ, __Winsnes andreas__ עם דרכון נורוגי/ה מס' __98-K0794497__
לאחר שהוזהרתי כי עלי לאמר את האמת וכי אחדה צפוי/לעונשים הקבועים בחוק אם לא אעשה כן,
מצהיר בזאת בכתב, כדלקמן:

I hereby certify that I cashed the following three checks

1. Fidelity Bank treasurer's check #41088 in the amount of $26,000.
2. Bank of America cashier's check #2549400 in the amount of $31,200.
3. Nortstates Bank official check #441688023 in the amount of $4150.

Attached to Grand Jury subpoena through K.R money changing services, (a money
changing Store, in Jerusalem, Israel) Israeli company #513521914, I received cash for
these checks for myself.

_Winsnes_
_andreas_

חתימת המצהיר/ה

והנני מאשר בזה כי ביום __16/4/07__ הופיע/ה בפני עורך דין __דלה צ'רלי__
במשרדי ברחוב __עלי הכהן 28 ירושלים__ מר/גב'
__Winsnes andreas__ שזיהה עצמו ע"י תעודת זהות/ דרכון מס' __98-K0794497__ המוכר/ת לי באופן אישי) ואחרי
שהזהרתיו/ה
כי עליו/ה להצהיר את האמת וכי יהיה צפוי/ה לעונשים הקבועים בחוק אם לא יעשה כן, אישר את נכונות
הצהרתו וחתם עליה.

ד. שכטר, עורכת דין
רחוב עלי הכהן 28
ירושלים 95311
חתמח

עורך דין

וְיֵן פָּנִים פֶּגֶלֶם

רשות

חתק מתאים
למקור



(ועתק)



ק.ר. שרותי המרה בע"מ סלונים 11 ירושלים

| Branch 1 | No. 83427 | | reg. no. | 513521914 |
|---|---|---|---|---|

**Cash exchange voucher    61607**

Passport No.
98K07944971
Country SE

Date 01/02/2007
Time 20:33:56
Name וינסנס אנדרס
Tel.

Address
City

Zip

| Cashier Received | Kind | Sum | Rate | Symbol |
|---|---|---|---|---|
| 1  USD U.S. Dollar | CHECKS | 57300.00 | 4.2200 | 478 |
| Cashier Gave | Kind | Sum | Rate | Symbol |
| 1  ILS Israel NIS | CASH | 241806.00 | 1.0000 | 0 |

Vincent Andreas  ⨯ :signature    98K07944971    וינסנס אנדרס

Page   1 Produced by 'ChangeMat'. www.inbalsoft.com

טופס הצהרת מבקש שירות
ק.ר. שרותי המרה בע"מ

אני וינסנס אנדרס
מ

בעל תעודת זהות מספר 98K07944971
מצהיר בזאת כי:

אני מבקש לקבל שירות המרת שיקים
או בסכום שווה ערך לכך

בסכום של   241806.00 שקלים חדשים
בעבור עצמי בלבד.

Vincent Andreas    חתימה ⨯    תאריך 17/04/2007

אני מאשר כי ביום 17/04/2007
אשר זיהה עצמו באמצעות תעודת זהות  הופיע בפני וינסנס אנדרס
שהעתקם מצורף בזאת.

קופאי: קרוייזר ראובן

חתימה: 053622460    ק.ר. שרותי המרה בע"מ
רחי סלונים 11 ירושלים
טל. 02-6266669

ק.ר. שרותי המרה בע"מ סלונים 11 ירושלים

| | |
|---|---|
| סניף 1    פעולה 83137 | |
| מס' ברשם 513621914 | |
| ת"ז/דרכון | |

| סניף 1 | פעולה 83137 |
|---|---|

מס' ברשם 513621914
ת"ז/דרכון
ארץ IL

שובר המרת כספים מס'    61332

תאריך 30/01/2007
שעה 11:01:42
לכבוד
טלפון

מען
עיר
מיקוד

| קופה קיבלה | סוג | סכום | שער | סימול |
|---|---|---|---|---|
| 2 | USD דולר אמריקאי שיקים | 4150.00 | 4.1900 | 410 |

| קופה נתנה | סוג | סכום | שער | סימול |
|---|---|---|---|---|
| 2 | ILS שקל ישראלי מזומן | 17388.50 | 1.0000 | 0 |

חתימה: _Winston Andrew_ _x_

www.inbalsoft.com, ChangeMat    הופק ב-    דף 1