UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>- against -<br><br>$57,300.00 IN FUNDS FORMERLY ON DEPOSIT AT COMMUNITY STATE BANK IN AVILLA, INDIANA, IN ACCOUNT NUMBER ■6190, HELD IN THE NAME OF R.P. GLOBAL LTD., UP TO AND INCLUDING $57,300, AND ALL FUNDS TRACEABLE THERETO;<br><br>Defendants-in-rem. | Case No. 07 Civ. 9937 (VM)<br><br>ANSWER OF R.P. GLOBAL LTD. TO VERIFIED COMPLAINT AND JURY DEMAND<br><br>Seizure No. 3540070344 |

### ANSWER OF R.P. GLOBAL LTD. TO VERIFIED COMPLAINT AND JURY DEMAND

R.P. Global Ltd. ("R.P. Global"), a registered check cashing and currency exchange establishment in Ramat Beit Shemesh Israel (Israeli Company Number 513492629) and a person having an interest in the funds which are the subject of the above-captioned action, and which has timely filed a claim as to said funds pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims and Forfeiture Actions of the Federal Rules of Civil Procedure with the Clerk of the Court on December 31, 2007, by its attorneys, Baker & McKenzie LLP, as and for its Answer to the Verified Complaint herein of plaintiff United States of America ("plaintiff") dated November 9, 2007 (the "Complaint"), hereby alleges as follows:

### ANSWER TO COMPLAINT

1.  R.P. Global states that paragraph numbered "1" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required,

R.P. Global denies the allegations contained in paragraph numbered "1" of the Complaint except admits that on or about May 11, 2007, and without advance warning, $57,300 was seized from R.P. Global's account at Community State Bank.

2. R.P. Global states that paragraph numbered "2" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, R.P. Global denies the allegations contained in paragraph numbered "2" of the Complaint.

3. R.P. Global states that paragraph numbered "3" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, R.P. Global denies the allegations contained in paragraph numbered "3" of the Complaint.

4. R.P. Global denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "4" of the Complaint.

5. R.P. Global denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "5" of the Complaint.

6. R.P. Global denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "6" of the Complaint except denies that R.P. Global was involved in any scheme to defraud and admits that on February 2, 2007, R.P. Global deposited a bundle of 320 checks with Community State Bank containing two checks, specifically Fidelity Bank Check No. 41088 ($26,100) and Bank of America Check No. 2549400 ($31,200).

7. R.P. Global denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "7(a)-(b)" of the Complaint.

8. R.P. Global denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "8(a)-(b)" of the Complaint except admits that on or about February 2, 2007, R.P. Global deposited a bundle of 320 checks with Community State Bank containing two checks, specifically Fidelity Bank Check No. 41088 ($26,100) and Bank of America Check No. 2549400 ($31,200).

9. R.P. Global denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph numbered "9" of the Complaint except denies that the Warrant of Seizure dated May 11, 2007 permits "the seizure of all funds on deposit in the R.P. Global Account," and admits that on or about May 11, 2007, $57,300 was seized from R.P. Global's account at Community State Bank and such funds though the mathematical sum of the two checks, were <u>not the funds from the checks</u> because the funds received from deposit of the checks, minus its usual fee of .0017 (seventeen percent of one percent) or $97.41 in this case, were paid over to R.P. Global's client, K.R. Money Changing Services ("KR"), a registered retail check cashing and currency exchange establishment in Jerusalem, Israel (Israeli Company # 513521914), after Community State Bank paid the funds into R.P. Global's account in or about February 2007.

10. R.P. Global denies the allegations contained in paragraph numbered "10" of the Complaint.

11. Global states that paragraph numbered "11" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, R.P. Global denies the allegations contained in paragraph numbered "11" of the Complaint

12. R.P. Global states that paragraph numbered "12" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, R.P. Global denies the allegations contained in paragraph numbered "11" of the Complaint.

13. R.P. Global states that paragraph numbered "13" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, R.P. Global denies the allegations contained in paragraph numbered "13" of the Complaint.

14. R.P. Global states that paragraph numbered "14" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, R.P. Global denies the allegations contained in paragraph numbered "14" of the Complaint.

15. R.P. Global states that paragraph numbered "15" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, R.P. Global denies the allegations contained in paragraph numbered "15" of the Complaint.

16. R.P. Global states that paragraph numbered "16" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, R.P. Global denies the allegations contained in paragraph numbered "16" of the Complaint.

17. R.P. Global states that paragraph numbered "17" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required,

R.P. Global denies the allegations contained in paragraph numbered "17" of the Complaint.

18. R.P. Global states that paragraph numbered "18" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, R.P. Global denies the allegations contained in paragraph numbered "18" of the Complaint.

19. R.P. Global states that paragraph numbered "19" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, R.P. Global denies the allegations contained in paragraph numbered "19" of the Complaint.

20. R.P. Global states that paragraph numbered "20" of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, R.P. Global denies the allegations contained in paragraph numbered "20" of the Complaint.

21. R.P. Global denies each and every allegation contained in the Complaint not heretofore responded to.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. The relief sought in the Complaint is barred, in whole or in part, by the doctrines of waiver, release, consent and estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. The relief sought in the Complaint is barred, in whole or in part, by the equitable

doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred because any of its claimed injuries or losses incurred, if any, were solely the result of the culpable conduct or want of care on the part of third parties.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. The injuries and losses herein complained of by plaintiff wholly or partially pre-existed the occurrences alleged to involve R.P. Global and are in no way caused by the acts or omissions of R.P. Global.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by the innocent owner defense, pursuant to 18 U.S.C. § 981(a)(2), providing that no property shall be forfeited based on acts or omissions conducted without the knowledge of the owner.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. R.P. Global reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims asserted in the Complaint. These additional defenses cannot be asserted at this time because of the lack of detail in the Complaint concerning plaintiff's claims.

## JURY DEMAND

R.P. Global hereby demands trial by jury as to all claims and defenses in this action.

## CONCLUSION

WHEREFORE, R.P. Global requests that this Court enter judgment:

(i)     dismissing plaintiff's Complaint in its entirety;

(ii)     issuing an order requiring plaintiff to return the $57,300 plus interest to R.P. Global;

(iii)     issuing an order annulling the forfeiture; and

(iv)     granting to R.P. Global such other and further relief as this Court deems just and proper.

Dated: New York, New York.
       January 18, 2008

BAKER & McKENZIE LLP

By: _____
Richard A. De Palma (RD 2818)
Christina M. Wilson (CW 0076)
1114 Avenue of the Americas
New York, NY 10036
(212) 626-4100

*Attorneys for*
R.P. Global Ltd., claimant

## VERIFICATION

I, REUVEN PHILLIPS, PRESIDENT OF R.P. GLOBAL LTD., THE CLAIMANT SUBMITTING THE WITHIN ANSWER TO COMPLAINT, HEREBY DECLARE PURSUANT TO 28 U.S.C. § 1746, UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND UNDER PENALTY OF PERJURY THAT I HAVE READ THE FOREGOING ANSWER, AND SAME IS TRUE AND CORRECT TO MY KNOWLEDGE AND BELIEF, EXCEPT AS TO MATTERS STATED TO BE UPON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

Dated:   January 17, 2008
         Ramat Beit Shemesh, Israel

*Reuven Phillips*
Reuven Phillips
R.P. Global Ltd.

אר.פי.
גלובל בע"מ
ח'פ 513492629