```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
UNITED STATES OF AMERICA,           :
                                    :    07 Civ. 9937 (VM)
                Plaintiff,          :
                                    :    **CONDITIONAL**
    - against -                     :    **ORDER OF DISCONTINUANCE**
                                    :
$57,300.00 IN FUNDS FORMERLY ON     :
DEPOSIT AT COMMUNITY STATE BANK,    :
                                    :
                Defendant.          :
------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-9-08

**VICTOR MARRERO**, **United States District Judge.**

Counsel for on behalf of the parties, having notified the Court, by letter dated April 8, 2008, a copy of which is attached, that the parties have reached an agreement in principle to settle this action without further litigation, it is hereby

**ORDERED**, that this action be conditionally discontinued without prejudice and without costs; provided, however, that within sixty (60) days of the date of this Order, the parties may submit to the Court their own Stipulation of Dismissal for the Court to So Order. Otherwise, within such time counsel for plaintiff may apply by letter for restoration of the action to the active calendar of this Court in the event by the deadline indicated the settlement is not consummated. Upon such notification, the defendant shall continue to be subject to the Court's jurisdiction, the Court shall promptly reinstate the action to its active docket and the parties shall be directed to appear before the Court, without the necessity of additional process, on a date within thirty days of the

plaintiff's application for reinstatement, to schedule remaining pre-trial proceedings and/or dispositive motions, as appropriate. This Order shall be deemed a final discontinuance of the action with prejudice in the event plaintiff has not requested restoration of the case to the active calendar within such period of time.

The conference scheduled for April 11, 2008 is canceled but shall be rescheduled as set forth above in the event plaintiff notifies the Court that the parties' settlement was not effectuated and that such conference is necessary to resume pretrial proceedings herein.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:   NEW YORK, NEW YORK
         9 April 2008

                                    _____
                                        VICTOR MARRERO
                                           U.S.D.J.



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 8, 2008

**VIA FACSIMILE**
The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

      Re:    U.S. v. $57,300 in Funds Formerly on Deposit at Community State Bank
              07 Civ. 9937 (VM)

Dear Judge Marrero:

      Pursuant to the Court's order of March 11, 2008, the parties submit this joint letter in advance of the initial case management conference scheduled for Friday, April 11, 2008, at 2:30 p.m.

      Prospects for Settlement:    The parties are first informing the Court about the prospects for settlement because we have come to an agreement in principle to settle the case. We anticipate filing a stipulation of settlement with the Court shortly. In light of this development the parties respectfully seek an adjournment of the initial case management conference.

      To fully comply with the Court's practices, the parties also provide the following,

      Brief description of the case: The Government has brought this forfeiture action against $57,300 in funds (the "defendant-in-rem funds") that were held in the name of the R.P. Global, a check cashing and currency exchange based in Israel. The Government claims that these funds are subject to forfeiture under the civil forfeiture laws, specifically, 18 U.S.C. § 981, as the proceeds of money laundering, wire fraud, and bank fraud. Specifically, the Government alleges that, from 2005 until in or about May 2007, certain individuals perpetrated a scheme to defraud in which they telephone elderly victims, informed them that they had won money in a lottery, and asked them to send money in advance of receiving their "winnings," for the payment of taxes, "court costs," and other expenses allegedly associated with winning the prize money. After the elderly victims sent or authorized payments, they received no lottery winnings. Some of the funds of the defrauded victims were deposited into an account held in the name of R.P. Global, Ltd. ("R.P. Global"), at Community State Bank in Avilla, Indiana. R.P. Global has filed

Hon. Victor Marrero
April 9, 2008
Page 2

a claim in this action, seeking return of the defendant-in-rem funds. The gravamen of R.P. Global's claim is that it is an "innocent owner" of the defendant-in-rem funds, without knowledge or reason to know of the forfeitability of the funds.

Contemplated motions: Claimants are contemplating filing a motion for summary judgment at the close of discovery. The Government is contemplating filing a cross-motion for summary judgment.

Consent to Proceed Before a Magistrate: The parties do not consent to proceed for all purposes before the Magistrate Judge designated for this action. The parties do not object to the referral of any discovery disputes to the Magistrate.

Respectfully submitted,

Michael J. Garcia
United States Attorney

By: /s/ Sharon Frase
Sharon E. Frase (SF-4906)
Assistant United States Attorney
One St. Andrews Plaza
New York, NY
Tel:   (212) 637-2329
Fax:   (212) 637-0421
Email: sharon.frase@usdoj.gov

/s/ Richard A. De Palma
Richard A. De Palma (RD 2818)
Baker & McKenzie LLP
1114 Avenue of the Americas
New York, NY
Tel:   (212) 626-4590
Fax:   (212) 626-4120
Email: richard.depalma@bakernet.com